```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

PATRICIA LETCHER,                )
                                 )
            Plaintiff            )
                                 )
       v.                        )   Case No. 2:05 cv 401
                                 )
TOWN OF MERRILLVILLE,            )
MERRILLVILLE POLICE DEPARTMENT,  )
OFFICER RUSSELL GREEN, OFFICER   )
DAVID BARRON, OFFICER GEORGE     )
HARBINSON, KERGER LEASING LLC,   )
JANE SCHRODER,                   )
                                 )
            Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Motion For Summary Judgment filed by the defendants, Kerger Leasing, LLC and Jane Schroder, on May 3, 2006, and the Motion For Hearing On Motion For Summary Judgment filed by Kerger Leasing and Schroder on July 11, 2006. For the reasons set forth below, the defendants' motion for summary judgment is **GRANTED in PART** and **DENIED in PART,** and the motion for a hearing is **DENIED**.

Background

The motion for summary judgment filed by Schroder and Kerger Leasing presents two initial procedural matters. Patricia Letcher filed a complaint asserting claims of false arrest, false imprisonment, malicious prosecution, and unreasonable search and seizure under the Federal and Indiana Constitutions. (Complaint ¶¶ 13, 14, 15, 16, 18, 20) The arguments raised by Schroder and Kerger Leasing in their summary judgment motion regard only the question of liability for private actors under §1983 and Article

I, §11 of the Indiana Constitution. In addition, the parties have not filed a "Statement of Material Facts" or "Statement of Genuine Issues," as required by Local Rule 56.1. Specifically, L.R. 56.1(b) states, "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion." Though no Statement of Genuine Issues was filed, the parties clearly dispute some facts underlying Letcher's claims. The court relies on Letcher's briefs and submitted evidence to discern those disputes but reminds the parties of the requirements of the local rules. The court addresses the motion for summary judgment filed by Kerger Leasing and Schroder as a motion for summary judgment with respect to those claims raised in their brief, specifically Counts III, IV and V, and construes the conflicting facts pertinent to these claims in the light most favorable to Letcher.

At approximately 2:00 a.m. on November 3, 2003, three Merrillville, Indiana police officers knocked on Patricia Letcher's apartment door in response to a phone call from Jane Schroder, who was employed by Kerger Leasing as the facility's manager and lived in the apartment directly above Letcher's. (Affidavit of Jane Schroder, ¶¶ 3,4) The parties dispute the circumstances justifying Schroder's call to the Merrillville police. Schroder stated in her affidavit that Letcher and a guest in her apartment were talking and laughing so loudly that Schroder was unable to

2

sleep. (Schroder Aff. ¶ 9)  However, Letcher's guest at the time of the event, Reginald Brown, stated that there was "no noise to speak of and no reason [for the police] to be there." (Statement of Reginald Brown, p. 1)  According to Brown, one of the officers claimed to have received a call about a domestic disturbance and reports of someone screaming. (Brown Statement p. 1)

Letcher did not admit the police, who then went upstairs to Schroder and obtained a "pass key" to the apartment from her. (Schroder Aff. ¶¶ 14, 15) The record does not reveal at whose direction the police officers were provided the pass key. Schroder stated that one of the officers asked her if she had a pass key.  (Schroder Aff. ¶ 14) However, one of the officers present that evening wrote that "[t]he manager of the building asked if we could go into the apartment using her pass key." (Green Supp. Report)

The police returned to Letcher's apartment and entered using the pass key. (Letcher Resp. ¶ 31) An uncontradicted report filed by Officer Green stated that Letcher used profanity in response to the officers' questions and refused to identify herself or provide identification. (Green Supp. Report) After continued demands for identification, the officers handcuffed Letcher and took her to the Lake County Jail on charges of refusing to identify herself and disorderly conduct.  (Green Supp. Rep.; Letcher Resp. ¶ 31) She was held there until approximately 5:30 a.m., when Brown posted her bail.(Letcher Resp. ¶ 31)

3

Schroder called the police to complain about noise from Letcher's apartment the following evening around midnight, and again the parties dispute the facts surrounding this call. Letcher stated that she was speaking on the phone to a friend about the events of the previous evening. (Letcher Resp. ¶ 31) However, Schroder stated that Letcher had been "screaming during the evening and late into the night to someone on the phone." (Schroder Aff. ¶ 19) During this second occurrence, the police officers did not check in with or obtain a pass key from Schroder and instead proceeded directly to Letcher's apartment. (Schroder Aff. ¶ 21) Letcher stated that she heard pounding on her door, but she does not state that she heard the officers announce themselves prior to breaking down the door. (Letcher Resp. ¶ 31) The police searched her bathroom, closets, and kitchen, and before leaving, threatened to take her to the Lake County Jail. (Letcher Resp. ¶ 31)

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); **Lawrence v. Kenosha County**, 391 F.3d 837, 841 (7th Cir. 2004); **Branham v. Snow**, 392 F.3d 896, 901 (7th Cir. 2004); **Windle v. City of Marion, Indiana**, 321 F.3d 658, 660-61 (7th Cir. 2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 873, 157 L.Ed.2d 133

4

(2003).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Lawrence*, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Ballance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 148 (7th Cir. 1994).  *See also Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999); *Plair v E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party

opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

See also ***Reeves v. Sanderson Plumbing Prods., Inc***., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); ***Celotex Corp***., 477 U.S. at 322-323, 106 S.Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc***., 327 F.3d 569, 573 (7th Cir. 2003)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

A plaintiff asserting a claim under §1983 must show that the plaintiff was deprived of a right secured by the Constitution and the laws of the United States and that the defendant acted under color of state law. ***Adickes***, 398 U.S. at 150, 90 S.Ct. at 1598;

6

*Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994) ("Before a defendant may be held liable . . . the defendant must first possess power by virtue of state law, then misuse that power in a way that violates federal constitutional rights.").

Although the acts of private individuals generally lie beyond the reach of the Constitution, "government authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *Edmonson v. Leesville Concrete Company*, 500 U.S. 614, 620, 11 S.Ct. 2077, 2082, 114 L.Ed.2d 660 (1991); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). The Supreme Court described two inquiries that determine when private conduct constitutes state action for purposes of §1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). First, the claimed deprivation must result from the exercise of some right or privilege having its source in state authority. *Lugar*, 457 U.S. at 937, 102 S.Ct. at 2753. Second, the party charged with the deprivation "must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937, 102 S.Ct. at 2754. The Supreme Court emphasized that a person "who exercises a right having its source in state authority is not considered a state actor absent 'something more.'" *Dunham v. Frank's Nursery & Crafts, Inc.*, 919 F.2d 1281, 1284 (7th Cir. 1990) (*citing Lugar*, 457 U.S. at 937-939, 102 S.Ct. at 2753-54).

7

Determining what constitutes "something more" is a fact-bound and imprecise task. *Dunham*, 919 F.2d at 1284; *Morfin v. City of East Chicago*, 349 F.3d 989, 1003 (7th Cir. 2003). To establish the liability of a private actor, the plaintiff must provide evidence of a concerted effort between the state officials and the private party to deny the constitutional rights of the plaintiff. *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998); *Moore*, 754 F.2d at 1352. "There must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal." *Gramenos v. Jewel Companies Incorporated*, 797 F.2d 432, 435 (7th Cir. 1986). Calling on the assistance of police, even with false information, is not a sufficient indication of the concerted effort required to create private liability under §1983. *Moore*, 754 F.2d at 1352. *See also Pepper v. Village of Oak Park*, 430 F.3d 805, 811 (7th Cir. 2005). Rather, the plaintiff must provide evidence that a defendant exercised power held by the state. *Morfin*, 349 F.3d at 1003; *Wilson v. McRae's, Inc*., 413 F.3d 692, 693 (7th Cir. 2005) ("If the police promise to arrest anyone the shopkeeper designates, then the shopkeeper is exercising the state's function.").

There is no indication that the Merrillville police and Schroder engaged in any concerted effort to violate Letcher's Fourth Amendment rights. Letcher has pointed to no evidence that prior to the officers' arrival at her apartment, Schroder and the police had reached a mutual agreement. Instead, Letcher bases her argument for Schroder's liability under §1983 on the fact that

8

Schroder twice called the police and once provided a pass key for the police to use in entering Letcher's apartment. Schroder's calls to the police to complain, even if made falsely or without a legitimate basis to complain, do not transform her acts into state action. Schroder's act of providing the pass key to Letcher's apartment, even assuming that Schroder volunteered the pass key, still does not create private liability under §1983. The act was not supported by any prior agreement to deprive Letcher of constitutional rights. She volunteered the pass key only after the officers already had attempted to enter the apartment without the key and without Schroder's assistance or presence.

There is no evidence that Schroder exercised any power over the police officers beyond providing them with the pass key. Letcher has not alleged that on November 3 Schroder took part in the decision to enter Letcher's apartment after Letcher did not respond to their knock. There is no evidence that Schroder encouraged the police to arrest and detain Letcher. There also is no indication the following evening, after making her second complaint to the police, that Schroder had any additional contact with the police that could lead to the conclusion that Schroder and the police conspired regarding the officers' forcible entry into Letcher's apartment. Without evidence of active conduct or agreement by Schroder, she cannot be described as a state actor for purposes of §1983. See e.g. **Morfin**, 349 F.3d at 1004 ("[The defendant's] presence at the scene, his urgent insistence concerning Mr. Morfin's arrest and the sequence of events leading to

9

[the] arrest, would allow a reasonable juror to conclude that [the defendant and police officer] had reached a meeting of the minds.").

Letcher's grounds for the liability of Kerger Leasing, separately from Schroder, are left largely unaddressed in her briefing. Letcher asserts that Kerger Leasing's failure to repair a doorjamb damaged when the police forcibly entered her apartment following Schroder's second call to the police shows that Kerger approved the conduct of the police officers. However, even if the failure to repair the doorjamb somehow indicates tacit approval of the actions of the police officers, it does not follow that this also provides evidence that any Kerger Leasing representative had reached a prior agreement with the police officers to violate Letcher's constitutional guarantees. Letcher's argument may be that Kerger Leasing's liability is grounded through vicarious liability on that of its agent, Schroder.  Letcher, however, has not made that argument. Because the court concludes that Schroder did not individually conspire with the Merrillville police, liability cannot be imposed on Kerger through this mechanism.

Letcher also raised an independent claim based upon the defendants' alleged violation of Article I, §11 of the Indiana Constitution. Notwithstanding this provision's identical language to the Fourth Amendment of the United States Constitution, the Indiana Supreme Court has indicated that §11 jurisprudence does not necessarily parallel that of the Fourth Amendment. *See* **Moran**

*v. State*, 644 N.E.2d 536, 540 (Ind. 1995). However, like the Fourth Amendment, §11 governs the conduct of state actors. *Moran*, 644 N.E.2d at 540 ("The protection afforded is against official and not private acts."). It is further not clear that the Indiana Constitution generally, or §11 specifically, gives rise to a damages action, or if it did, the standards, if any, by which a private actor could be seen to have violated the provision. The Indiana Supreme Court declined to review the first question when it was certified from the Southern District of Indiana but the case settled before the Indiana Supreme Court reached the issue. *Cantrell v. Morris*, 849 N.E.2d 488, 501 (Ind. 2006) (*citing* *Turner v. Marion County*, 94 F.Supp.2d. 966 (S.D. Ind. 2000)). In her briefing, Letcher provides no argument for independent liability under §11, and in fact, fails even to mention the Indiana constitutional provision. Because she has not addressed this claim, the court considers the argument to be waived. *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir. 1990)("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.").

_____

For the foregoing reasons, the motion for summary judgment filed by the defendants, Jane Schroder and Kerger Leasing, on May 3, 2006, is **GRANTED** with respect to Counts III, IV and V and

11

**DENIED** with respect to Counts I, II and VI. The defendants' motion for a hearing filed on July 11, 2006, is **DENIED**.

ENTERED this 4th day of October, 2006

                                                s/ ANDREW P. RODOVICH
                                                    United States Magistrate Judge